UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BYRON QUARRLES, JR., <br><br> Plaintiff, <br><br> v. <br><br> WHATCOM COUNTY, et al., <br><br> Defendants. | CASE NO. C13-0334JLR <br><br> ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION |

## I.   INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge James Donohue (R&R (Dkt. # 41)) and Plaintiff Byron Quarrles' objections thereto (Obj. (Dkt. # 42).) Having carefully reviewed the foregoing, Defendants' response (Resp. (Dkt. # 43)), the balance of the record, and the governing law, the court ADOPTS in part and REJECTS in part the Report and Recommendation. Because the court independently reaches the same result as the R&R, the court DISMISSES Mr. Quarrles' complaint with prejudice.

ORDER- 1

## II. BACKGROUND

Unless otherwise noted, the following facts are set forth in Mr. Quarrels' amended complaint and documents incorporated by reference therein. On January 28, 2010, while incarcerated at Whatcom County Jail awaiting sentencing, Mr. Quarrles requested immediate medical attention for an unusual bump on his penis. (Am. Compl. (Dkt. # 22) ¶ 13.) On January 30, 2010, Dr. Stuart Andrews recommended that Mr. Quarrles clean the area and treat it with Neosporin. (*Id.* ¶ 14.) Nonetheless, Mr. Quarrles' pain and discomfort increased. (*Id.* ¶ 16.) By February 6, 2010, Mr. Quarrels' right testicle was swollen, and the pain was so severe that he was unable to get out of bed. (*Id.* ¶ 17.) In response to these developments, Dr. Andrews prescribed antibiotics and Ibuprofen. (*Id.* ¶ 18.) By the next day, Mr. Quarrles was vomiting blood and in extreme pain. (*Id.* ¶ 19.) Nurses R. Love and S. Holst examined Mr. Quarrles at 9:00 a.m. on February 7, 2010. (*Id.* ¶ 20.) That afternoon, as his vital signs continued to deteriorate, Mr. Quarrles was sent to the hospital. (*Id.* ¶ 21-23.)

At the hospital, Mr. Quarrles was diagnosed with a testicular torsion, a condition that occurs when the spermatic cord twists and cuts off the testicle's blood supply. (*Id.* ¶ 25.) Mr. Quarrles underwent three surgical procedures necessary to remove his right testicle and to salvage his left testicle. (*Id.* ¶ 26.) The surgeon told Mr. Quarrles that "it typically only takes up to 17 hours for a testicle to die from a testicular torsion, and that [he] needed to be brought to the hospital much earlier in order to have saved his right testicle." (Admin. Claim (Dkt. # 36) at 4.)

While recovering from the surgery, Mr. Quarrles was prescribed Vicodin to manage the pain; he stopped taking Vicodin on February 11, 2010. (Am. Compl. ¶ 29.) Mr. Quarrles was sentenced on February 10, 2010. (*Id.* ¶ 30.) He was transferred to a different facility without receiving a scheduled follow-up appointment with the surgeon. (*Id.* ¶¶ 30-31.) Shortly after the transfer, his wound re-opened and began bleeding; he required special care until the incision finally healed. (*Id.* ¶ 31.) Mr. Quarrles submits a declaration stating that the doctor at his new facility told him: "I can't believe they transferred you here like this." (Quarrles Decl. (Dkt. # 33-1) ¶ 5.) Mr. Quarrles avers: "This was the first time I got the distinct impression that I had not received adequate care at Whatcom County Jail." (*Id.*)

Mr. Quarrles now brings claims under 42 U.S.C. § 1983 and Washington state law against Whatcom County, the nurses, Dr. Anderson, and the Chief of Corrections at Whatcom County Jail, Wendy Jones. (*Id.* ¶¶ 6-10.) Defendants move to dismiss the action under Rule 12(b)(6) based on the running of the applicable statute of limitations. (*See* Mot. (Dkt. # 29).) Magistrate Judge Donohue held a hearing and recommended granting Defendants' motion and dismissing Mr. Quarrles' complaint with prejudice. (*See generally* R&R.) Mr. Quarrles' objections to the Magistrate Judge's R&R are now before the court. (*See generally* Obj.)

### III.   ANALYSIS

**A.   Standard of Review**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

**B.  Motion to Dismiss Standard**

A claim may be dismissed as untimely pursuant to a Rule 12(b)(6) motion to dismiss "only when the running of the statute of limitations is apparent on the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). In considering a motion to dismiss a court may consider only the pleadings, documents attached to or incorporated by reference in the pleadings, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)). Furthermore, a court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998); Fed. R. Civ. P. 12(b).

If, "on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for

ORDER- 4

summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985). Under the Rule 56 standard, summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If a Rule 12(b)(6) motion is converted to a summary judgment motion, the parties must be given a "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Satisfying this "reasonable opportunity" requirement does not mandate formal notice, but instead requires that the parties be "fairly apprised that the court [will] look beyond the pleadings" and transform the motion to dismiss into a motion for summary judgment. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). As such, a "represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment." *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 477 (9th Cir. 1998); *see also Olsen*, 363 F.3d at 922.

//

//

C.  **Statute of Limitations**

Here, the applicable limitations period for all of Mr. Quarrles' claims is three years. *See* RCW 4.16.080(2); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that the forum state's statute of limitations for personal injury actions applies to Section 1983 claims). Under the "mailbox rule," Mr. Quarrles' complaint is deemed to have been filed on February 18, 2013, the date he delivered it to the prison authorities for mailing. *See Stillman v. LaMarque*, 319 F.3d 119, 1201 (9th Cir. 2003); (Compl. (Dkt. # 1) at 5.) Therefore, Mr. Quarrles' suit is time-barred if it is apparent from the face of his complaint that his claims accrued prior to February 18, 2010. *See Air Control Techs.*, 720 F.3d at 1178.

Federal law governs when a Section 1983 claim accrues. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Under federal law, a claim accrues "when the plaintiff has a complete and present cause of action," such that "the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. Of Cal.*, 522 U.S. 192, 201 (1997). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999); *see also United States v. Kubrick*, 444 U.S. 111, 121-22 (1979). Where a claim "is based on the failure to diagnose or treat a pre-existing condition, the injury is not the mere undetected existence of the medical problem at the time the physician failed to diagnose or treat the patient." *Augustine v. United States*, 704 F.2d 1074, 1078 (9th Cir. 1983). Rather, "the injury is the *development* of the problem into a more serious condition which poses greater danger to the patient or which requires

more extensive treatment." *Id.* In a failure to diagnose case, "it is only when the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition that his cause of action can be said to have accrued." *Id.*; *see also Raddatz v. United States*, 750 F.2d 791, 796 (9th Cir. 1984).

**D.     Mr. Quarrles' Objections**

The Magistrate Judge found that Mr. Quarrles' claim accrued on February 7, 2010, at the time that his testicle was removed, and was equitably tolled until February 11, 2010. (R&R at 9.) Mr. Quarrles raises one procedural and one substantive objection to the Magistrate Judge's Report and Recommendation. Neither objection carries the day.

Turning first to the procedural objection, Mr. Quarrles argues that, because the "jurisdictional facts are dependent upon the resolution of factual issues going to the merits, the Court should apply summary judgment standards, and a hearing on the merits should be held." (Obj. at 5.) As discussed in more detail below, Mr. Quarrles is incorrect that there are outstanding factual issues going to the merits or that an evidentiary hearing is warranted. However, Mr. Quarrles is partially correct regarding the applicable standard of review: to the extent the parties submitted evidence outside the pleadings, the Magistrate Judge should have either excluded the evidence or applied a summary judgment standard when considering it. *See* Fed. R. Civ. P. 12(d); *San Pedro Hotel*, 159 F.3d at 477.

The Magistrate Judge started off by finding that it was apparent from the face of the complaint that Mr. Quarrles' claim first accrued at the time his testicle was surgically

removed: February 7, 2010.[1]  (R&R at 9-10.)  Consistent with *Augustine*, this date is the point at which Mr. Quarrles should have been aware that a pre-existing problem—either the soreness in his genital area that Dr. Anderson had treated just 10 days earlier or the swelling of his right testicle that Dr. Anderson treated just 1 day earlier—had developed into a more serious condition.  *See Augustine*, 704 F.2d at 1078 (9th Cir. 1983); *see also Raddatz*, 750 F.2d at 796.  After all, the pain and discomfort in Mr. Quarrles' genital area had continually worsened since his first medical visit, dramatically worsened since his second visit, and only a short time frame separated those visits from his hospitalization and surgery.  (*See generally* Am. Compl.)  Accordingly, the court finds the R&R's reasoning on this point to be thorough and persuasive and independently ADOPTS it in full.

However, after making that finding, the Magistrate Judge considered in the alternative Mr. Quarrles' argument that he only realized he may have received sub-standard medical treatment once the doctor at his new facility expressed concern over the condition in which he was transferred.  (*See* R&R at 9 ("Even if the Court were to accept plaintiff's argument . . . ."))  This argument is predicated on extrinsic evidence:  the amended complaint makes no mention of the doctor's comment, and the only evidence of this comment is provided by Mr. Quarrles' declaration.  (*See* Am. Compl.; Quarrles Decl. ¶ 5).  As such, in order to consider this evidence, the Magistrate Judge should have

---

[1] Because Mr. Quarrles was incarcerated prior to sentencing at the time his causes of action accrued, under RCW 4.16.190, the running of the statute of limitations was tolled until the day after Mr. Quarrles was sentenced:  February 11, 2010.  *See Fink*, 192 F.3d at 914 (stating that federal courts apply a forum state's tolling laws to actions brought under § 1983); (Am. Compl. ¶ 30).

ORDER- 8

converted the motion to dismiss into a motion for summary judgment under Rule 12(d).[2] *See* Fed. R. Civ. P. 12(d); *San Pedro Hotel*, 159 F.3d at 477.  For these reasons, the court REJECTS the portion of the R&R that addresses extrinsic evidence under the Rule 12(b)(6) motion to dismiss standard.[3]  (*See* R&R at 9-10 n.4.)

However, because Mr. Quarrles' argument based on the doctor's statement fails under both the motion to dismiss and summary judgment standards, the court independently reaches the same conclusion as the Magistrate Judge:  Mr. Quarrles' complaint is time-barred and should be dismissed.  Mr. Quarrles argues that the doctor's statement, "I can't believe they transferred you here like this," was "the first time [Mr. Quarrles] got the distinct impression that [he] had not received adequate care at Whatcom County Jail."  (Quarrles Decl. ¶ 5.)  However, even assuming this is true, the relevant inquiry is not when Mr. Quarrles' subjectively became aware of his injury and its cause, but rather when Mr. Quarrles through the exercise of reasonable diligence should have become aware of his injury and its cause.  *See Augustine*, 704 F.2d at 1078; *Raddatz*, 750 F.2d at 796; *see also Rosales v. United States*, 824 F.2d 799, 805 (9th Cir. 1987) ("It is well settled that the limitations period begins to run when the plaintiff has knowledge of injury and its cause, and not when the plaintiff has knowledge of legal fault.")

---

[2] Because Mr. Quarrles is a represented party who submitted matters outside the pleadings to the judge and invited consideration of them, he had adequate notice that the judge could use them to decide the motion originally noted as a motion to dismiss as a motion for summary judgment.  *See San Pedro Hotel*, 159 F.3d at 477 (9th Cir. 1998).

[3] In general, the R&R deals with the remaining issues in this case in a thorough, comprehensive manner.  Accordingly, the court ADOPTS in full the remainder of the R&R.

ORDER- 9

Mr. Quarrles admits that, on the day of his surgery, the surgeon told him that "it typically only takes up to 17 hours for a testicle to die from a testicular torsion, and that [he] needed to be brought to the hospital much earlier in order to have saved his right testicle."[4] (*See* Obj. at 2 (citing Admin. Claim at 4).) As such, even if Mr. Quarrles should not have been aware of the cause of his injury based on the surgery alone, the surgeon's comment sufficiently enabled him to trace that injury to the prison staff's failure to timely diagnose his condition and transfer him to the hospital. (R&R at 9-10.)

At this point, Mr. Quarrles second objection comes into play. Mr. Quarrles contends that he did not have the mental capacity to appreciate the import of the surgeon's comment because he was taking Vicodin. (*See* Obj. at 3-4.) There are no allegations in the complaint or evidence in the record regarding the effect of Vicodin on Mr. Quarrles' mental acuity in particular or on patients' mental acuity in general. (*See generally* Dkt.); *see also Gilmore v. Wells Fargo Bank N.A.*, No. C 14-2389 CW, 2014 WL 3749984 (N.D. Cal. July 29, 2014) ("Attorney argument is not evidence.") But even inferring that Vicodin typically disorients or confuses patients, and did in fact affect Mr.

---

[4] Under the incorporation by reference doctrine, the court could consider the content of Mr. Quarrles' administrative complaint to Whatcom County even without converting the Rule 12(b)(6) motion into a motion for summary judgment. Specifically, "courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal punctuation omitted). A court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*. This is especially true when the opposing party does not challenge the authenticity of the document. *Id*. Here, Mr. Quarrles' complaint references the administrative complaint (*see* Am. Compl. ¶ 9) and Mr. Quarrles does not dispute the authenticity of that document (*see generally* Obj.). As such, reliance on the surgeon's statement set forth in the administrative complaint is appropriate in both a motion to dismiss and a summary judgment context.

ORDER- 10

Quarrles in that way, Mr. Quarrles stopped taking Vicodin on February 11, 2010. (*See* Am. Compl. ¶ 29.) Mr. Quarrles does not argue that he remained unable to connect the dots, as it were, between February 11 and February 18, 2010, and makes no additional allegation or explanation as to why this would have been so. (*See generally* Am. Compl.; Quarrles Decl.; Obj.) Finding otherwise would amount to speculation. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (stating that a court on summary judgment "is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation.") After all, Mr. Quarrles remembered the surgeon's comment well enough to include it in the administrative claim he filed against Whatcom County three years later. (*See* Admin. Claim at 4.) As such, the court rejects Mr. Quarrles' arguments on this issue. Even viewing the extrinsic evidence in the light most favorable to Mr. Quarrles and drawing all reasonable inferences in his favor, Mr. Quarrles' claims accrued, if not on February 7, 2010, due to the surgery,[5] then certainly before February 18, 2010, due to the surgeon's comment. As such, whether viewed under the motion to dismiss standard or the summary judgment standard, it is apparent that the statute of limitations had run before Mr. Quarrles filed his complaint.[6] Mr. Quarrles' claims are time-barred.

---

[5] As stated above, under RCW 4.16.190, the running of the statute of limitations on any claim that accrued while Mr. Quarrles' was awaiting sentencing would be tolled until February 11, 2010, the day after he was sentenced. *See Fink*, 192 F.3d at 914; (Am. Compl. ¶ 30).

[6] Although the amended complaint alleged that Mr. Quarrles initially incorrectly tried to file his complaint with the Washington Supreme Court, he does not argue that he is entitled to an earlier filing date based on that attempt. (*See* Quarrles Decl. ¶¶ 6-7; Resp. to Mot. (Dkt. # 31) (arguing only that Mr. Quarrles is entitled to a February 18, 2010 filing date).)

Quarrles in that way, Mr. Quarrles stopped taking Vicodin on February 11, 2010. (*See* Am. Compl. ¶ 29.) Mr. Quarrles does not argue that he remained unable to connect the dots, as it were, between February 11 and February 18, 2010, and makes no additional allegation or explanation as to why this would have been so. (*See generally* Am. Compl.; Quarrles Decl.; Obj.) Finding otherwise would amount to speculation. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (stating that a court on summary judgment "is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation.") After all, Mr. Quarrles remembered the surgeon's comment well enough to include it in the administrative claim he filed against Whatcom County three years later. (*See* Admin. Claim at 4.) As such, the court rejects Mr. Quarrles' arguments on this issue. Even viewing the extrinsic evidence in the light most favorable to Mr. Quarrles and drawing all reasonable inferences in his favor, Mr. Quarrles' claims accrued, if not on February 7, 2010, due to the surgery,[5] then certainly before February 18, 2010, due to the surgeon's comment. As such, whether viewed under the motion to dismiss standard or the summary judgment standard, it is apparent that the statute of limitations had run before Mr. Quarrles filed his complaint.[6] Mr. Quarrles' claims are time-barred.

---

[5] As stated above, under RCW 4.16.190, the running of the statute of limitations on any claim that accrued while Mr. Quarrles' was awaiting sentencing would be tolled until February 11, 2010, the day after he was sentenced. *See Fink*, 192 F.3d at 914; (Am. Compl. ¶ 30).

[6] Although the amended complaint alleged that Mr. Quarrles initially incorrectly tried to file his complaint with the Washington Supreme Court, he does not argue that he is entitled to an earlier filing date based on that attempt. (*See* Quarrles Decl. ¶¶ 6-7; Resp. to Mot. (Dkt. # 31) (arguing only that Mr. Quarrles is entitled to a February 18, 2010 filing date).)

Last, the court rejects Mr. Quarrles' demand for an evidentiary hearing. Beyond making the generic statement that the "jurisdictional facts are dependent upon the resolution of factual issues going to the merits," Mr. Quarrles has not identified any specific outstanding issues of fact relevant to the statute of limitations inquiry that would need to be resolved in an evidentiary hearing. (*See generally* Obj.) To the contrary, the court has viewed all of Mr. Quarrles' asserted facts and evidence as true, and still found that his claims are time-barred. The record permits no other conclusion.

## IV.    CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS in part and REJECTS in part the Report and Recommendation (Dkt. # 41) as set forth above;

(2) The court GRANTS Defendants' motion to dismiss (Dkt. # 29);

(3) The court DISMISSES Mr. Quarrles' amended complaint (Dkt. # 28) with prejudice; and

(4) The court DIRECTS the Clerk to send copies of this order to Mr. Quarrles, to counsel for respondent, and to Magistrate Judge Donohue.

Dated this 8th day of August, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 12